IRVING, P.J.,
for the Court:
- ¶ 1. On September 10, 2010, a jury convicted Jeffrey John Ferguson of aggravated assault. The Leake County Circuit Court sentenced Ferguson to twenty years in the custody of the Mississippi Department of Corrections. Ferguson filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial, which the circuit court denied. Feeling aggrieved, Ferguson appeals and argues that the circuit court erred in admitting certain evidence at trial.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Ferguson was having an affair with Carla Hudson, who had been married to, but had separated from, Bee Hudson. Bee moved out of the couple’s home in 2008, and shortly thereafter, Ferguson moved in with Carla.
¶ 4. Bee and Carla had agreed to meet at Carla’s house on November 19, 2009, to discuss the possibility of a reconciliation. Carla had also arranged to meet with Ferguson, who. had recently moved out, at her house that day. Ferguson arrived first, so when Bee arrived, Carla suggested that they talk outside. As Carla and Bee were standing in the front yard talking, Deputies Trey Ross and Justin Sims, with the Leake County Sheriffs Department, arrived at the home. When Bee inquired about their presence, the deputies explained that someone had called 911 from Carla’s house and requested that the police come to the house. Unaware that Ferguson was inside the house, Bee told the deputies that no one from the house had called 911. The deputies called dispatch and learned that Ferguson had called from inside Carla’s house. Carla accompanied Deputy Sims into the house and upstairs, where they found Ferguson hiding in a closet. Ferguson explained that he feared a confrontation with Bee and requested a police escort off the property. After-wards, Ferguson went to a wooded area across the street from Carla’s house and hid. Ferguson later shot Bee while Bee was in front of Carla’s house.
¶ 5. Deputy Doug Holloway works for the Rankin County Sheriffs Department and is Ferguson’s brother-in-law. He testified that prior to the day of the shooting, he had been searching for Ferguson, at his wife’s request, because Ferguson had threatened to commit suicide. On the day of the shooting, Deputy Holloway called Ferguson’s cellular phone, and when Ferguson answered, he immediately told Deputy Holloway that he had shot Bee.
¶ 6. Deputy Holloway contacted the Rankin County dispatch and requested *1281 that they contact the Leake County authorities regarding the shooting. Ferguson then called Deputy Holloway and gave him directions to his hiding place across the street from Carla’s house. When Deputy Holloway found Ferguson, he was holding a .308 rifle under his chin. Deputy Holloway convinced Ferguson to put the gun down and surrender. Leake County Sheriff Greg Waggoner allowed Deputy Holloway to arrest Ferguson and take him to the Leake County Correctional Facility. En route to the facility, Deputy Holloway told Ferguson that he should cooperate with the Leake County officers. After Deputy Holloway arrested Ferguson, Sheriff Waggoner inspected the area where Ferguson had been hiding and recovered the rifle that Ferguson had held to his chin, a spent .308 shell casing, and additional ammunition.
¶ 7. Officer Michael Harper, with the Leake County Sheriffs Department, interrogated Ferguson at the correctional facility. Before questioning Ferguson, Officer Harper read Ferguson his Miranda[1] rights, and Ferguson waived his rights. In his police statement, Ferguson confessed to shooting Bee. Officer Harper testified that there were no promises of leniency, threats, or violence used in obtaining Ferguson’s confession.
¶ 8. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES

1. Admission of Ammunition

¶ 9. Ferguson argues that the circuit court erred in admitting the ammunition that Sheriff Waggoner recovered because it is irrelevant. He contends that the ammunition is irrelevant because there is no evidence that he shot Bee with a .308 rifle.
¶ 10. An appellate court will not reverse a circuit court’s admission of evidence absent a finding that there has been an abuse of discretion. Lattimore v. State, 958 So.2d 192, 198 (¶ 10) (Miss.2007). The Mississippi Supreme Court has reiterated that “[t]ools, weapons, and other physical evidence used or usable in the commission of a crime are admissible into evidence provided that they are relevant and not too remote.” Burrows v. State, 961 So.2d 701, 706 (¶ 16) (Miss.2007) (quoting Bryant v. State, 850 So.2d 1130, 1134 (¶ 12) (Miss.Ct. App.2002)). Relevant evidence is “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” M.R.E. 401.
¶ 11. We find no error in the circuit court’s admission of the ammunition. Sheriff Waggoner recovered the ammunition shortly after Ferguson’s arrest from the same area where Ferguson had been hiding with the rifle. Furthermore, Ferguson’s rifle was the only weapon recovered from the area. This issue is without merit.

2. Ferguson’s Confessions

¶ 12. Ferguson asserts that his confessions to Deputy Holloway and Officer Harper were involuntary and should not have been admitted into evidence. First, Ferguson contends that the circuit court erred in not conducting a suppression hearing to determine whether his confession to Deputy Holloway was voluntary. Second, Ferguson argues that his confession to Officer Harper was involuntary because he gave the confession only after Deputy Holloway *1282 offered him leniency in exchange for his cooperation with police.
¶ 13. A circuit court’s determination that a confession is voluntary will not be reversed on appeal unless the decision “is manifestly in error ... or is contrary to the overwhelming weight of the evidence.” Neal v. State, 57 So.3d 1271, 1277 (¶ 14) (Miss.2011) (quoting Chamberlin v. State, 989 So.2d 320, 331-32 (¶ 34) (Miss.2008)). Before a confession can be admitted at trial, it must have been “intelligently, knowingly, and voluntarily given, and not the product of police threats, promises[,] or inducements.” Id. at 1280 (¶ 23) (citing Manix v. State, 895 So.2d 167, 180 (¶ 39) (Miss.2005)). If a defendant claims that the police obtained his confession through coercion, the circuit court must hold a hearing, outside the jury’s presence, to determine whether the confession was voluntary. Wilson v. State, 936 So.2d 357, 362 (¶ 9) (Miss.2006).

a. Ferguson’s First Confession

¶ 14. Ferguson made his first confession to Deputy Holloway. Ferguson asserts that this confession should not have been admitted into evidence without a hearing to determine whether the confession was voluntary. Ferguson’s contention is without merit. At trial, Deputy Holloway testified, “[A]s soon as I called [Ferguson], he answered and said, ‘I just shot Bee.’” Given Deputy Holloway’s testimony, it is clear that Ferguson’s first confession was spontaneous and not the product of coercion, threats, or promises, and Ferguson has not offered any evidence to demonstrate otherwise. As such, this issue is without merit.

b. Ferguson’s Second Confession

¶ 15. Ferguson contends that the circuit court erred in admitting his confession to Officer Harper because he confessed only after Deputy Holloway told him that it would be in his best interest to cooperate. The circuit court held a suppression hearing regarding the voluntariness of Ferguson’s confession to Officer Harper. At the suppression hearing, Deputy Holloway admitted that he told Ferguson that “it would probably be in his best interest to cooperate.” After hearing this testimony, the circuit court reasoned that Ferguson confessed to Officer Harper with the hope that “he could receive a benefit from doing so” and found that Ferguson’s confession to Officer Harper was involuntary. Accordingly, the circuit court suppressed the confession and, contrary to Ferguson’s claim, never admitted the confession into evidence. This issue is without merit.
1(16. THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ„ CONCUR.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).